No. 24-2057 Good morning, would you like to reserve any time? Yes, may I please reserve three minutes for a bottle please? You may. Thank you, Your Honor. May it please the Court, Stacey Fossil on behalf of Appellant Paul Harmon. In this case, Mr. Harmon and the government agreed that Mr. Harmon was eligible for a sentence reduction under 3582C2. But without any notice to Mr. Harmon, the District Court held that he was ineligible for a reduction based on a new finding that Mr. Harmon had caused substantial financial hardship. This is a motion to reduce the sentence based on a change put in play under the sentencing guidelines by the Sentencing Commission, is that correct? Yes, Your Honor. And the victim impact statement was available at the initial sentencing, was it not? It was at the initial sentencing, yes. And the judge relied on it a fair amount at the initial sentencing, did the judge not? Yes, in the context of the 3553A fact sheet. So essentially what he was saying is that when you look at eligibility, this person to be eligible under this amendment, 821, to the sentencing guidelines, had to not have been involved in a substantial effort to cause financial hardship. Yes, Your Honor. You said that there was no notice. Why doesn't Section 4C1.1 provide notice that the substantial hardship exception could apply, even if Section 2B1.1 wasn't applied at sentencing? Your Honor, we don't believe the guidelines themselves provide notice, and for that I'm relying on the very robust procedures that are in place at initial sentencing to make sure that the PSR identifies every potentially relevant guidelines provision, the parties have an opportunity to object to those, the court must then rule on any disputes. And we acknowledge that not all of those procedures apply in the sentence reduction context, but the bare minimum of notice that a new finding would be made in the context of a guidelines determination we think does apply. And here we think it is especially important because the Supreme Court in Dillon and 4C1.1 says that in the sentence reduction context, all prior sentencing determinations must remain in place. The only substitution is the amended guideline here, 4C1.1. But that specifically says, consider substantial financial hardship. Why weren't you on notice that that would be considered, and why wasn't the motion, the time for you to address the information that you just established with Judge Ambrose, was already in the record, and not just in the record, but discussed at the sentence again? Your Honor, we did put in our motion that Mr. Harmon was eligible under 4C1.1, and of course, since it was an uncontested motion, generally we don't belabor a point that is not disputed, that is not live and material to save both the parties and the court's time. And because the district court had made a factual finding at the original sentencing, and this is that appendix, page 65, when it adopted the findings of the PSR, and the finding of the PSR was that no victim impact enhancement was applied. Well, that doesn't mean that there was no substantial financial effect on what he did. It was that this element, enhancement, was not applied, but that doesn't preclude our finding that there was substantial financial harm caused, does it? No, Your Honor, but here we're merely saying that we would like to have notice so that we could address that criteria and make the argument, both legal and factual, why the representations in Mr. Feulgraf's victim impact statement were not reliable as to that criteria. Why wasn't it reliable? Your Honor, that is precisely what we would have proffered if we had noticed. And what would you have proffered? We would have proffered both, we would have done investigation and proffered evidence and potentially... Okay, you say you would have done an investigation, but you had no facts in hand at that time to demonstrate that the situation was any different from the time that he received his actual sentence. Isn't that correct? That's correct, Your Honor, because those facts are really in the possession of the victim here because the substantial financial hardship criteria is very specific to the victim's financial circumstances. What is substantial for one person may not be for someone else. And I'd like to point out that at the original sentencing hearing, the victim impact statement was not put on as part of any evidence in support of any enhancement or other evidentiary showing. It was simply not an evidentiary portion of the hearing. The district court had already adopted the findings, including no substantial hardship, and this was simply the opportunity for the victim to speak and be heard. He was not sworn in. And, indeed, it can often be seen as sort of cutting off the victim's procedural rights if the defendant at that point were to make objections or challenge things that are not material to any sentencing. And, indeed, at that point, Mr. Harmon had no reason to think that the district court would revisit the finding it had already made of no substantial financial hardship. Do you agree that even though the government didn't oppose the sentence reduction motion, you still bore the burden to show the non-applicability of the exception? Yes, Your Honor, that's correct. And we would happily would like to meet that burden. We just needed notice in the context of an uncontested motion. Well, you knew you had to meet the burden. You knew that substantial financial hardship was an exception, and you knew this information was in the record. Yes, Your Honor, but, again, it never came in for any purpose of making any finding, and under Dillon and 1B1.10, the court couldn't revisit its prior finding of no substantial financial hardship. So, to the extent there is some leeway to still find substantial hardship here, it at least was in tension with the initial finding, and, indeed, I would expect that's why the government did not oppose our seeking a sentence reduction. Well, it may be for a host of reasons, and maybe we can ask your opposing counsel, but maybe it was the fact that the person was 65, maybe that had a relationship with the defense counsel and decided, oh, you know, I'm going to cut this person a break. On this particular case, I just won't say anything, take no position, and it's up to the court. And the court on its own said, when you listen to the former president of the companies, whose family started this business and was highly successful, and a 40-year employee basically confiscates over $1 million and ultimately causes the demise of the corporation, how can that not be substantial financial hardship? Again, Your Honor, it was never used for that purpose at the original sentencing. At the original sentencing, the judge under 3553A factors did take that into account. Did the judge not refer to the victim impact statement, Mr. Fulgrove? Yes, Your Honor, but the judge largely relied on the abuse of trust of the family, but not on the financial circumstances of the victim. Those are the factors that go to the victim's financial hardship that Mr. Harmon had no notice were at all material and were, in fact, not factual findings that were made. If they had been, then the substantial financial hardship criteria would have applied. But at that point, the judge had already determined that it did not. Those are pretty bad facts. So you've got a 40-year employee, maybe the most trusted employee in the company, who absconds ultimately with over $1 million worth of money that otherwise belonged to the corporation. The judge refers to it at the initial sentencing, and you're saying somehow the company, which went under as a result of all this, didn't suffer substantial financial hardship? Your Honor, we are saying we would like to challenge the reliability of some of those representations. And so I agree with you. The facts are bad, as they are stated in the record. But due process and the guidelines require sentencing based on reliable information, and Mr. Harmon would like the opportunity to argue that those representations— But if you're defense counsel, whether the initial sentencing, and maybe it was, again, determined with the opposing counsel, we're not going to say anything about it, and just go with the 33 to 41 months under the sentencing guidelines, the judge varies up to 72 months. The judge varies up to 72 months primarily because of lack of trust and the victim impact statement that shows the lack of trust and the amount of hardship. Wouldn't it have been better if the counsel got up at the 3582 reduction hearing and said, look, if you look at this case, it would seem on its surface that it is against us, and for the reasons I just noted. But here's why I think the sentencing reduction, the two-level sentencing reduction should still be in play. Boom. That way you've taken a weakness and you've pivoted around and tried to make it in some way, shape, or form a rationale for why the reduction under the new sentencing guideline should occur. So you can't just hide, is what I'm saying. Your Honor, that is in part why we agreed to a proportional reduction, total 57 months, which is still 75% above the guideline. And generally, in these uncontested motions, I know in other districts, they simply submit an agreed-upon, very streamlined motion with the government. Because, again, when the parties are not putting something in dispute, we generally, for efficiency purposes, for the court itself, focus the court only on issues that are in dispute, and the court flags if there's something else they would like the parties to weigh in on. If there's one thing. Go ahead, I'll come back in later. Was there a specific, at the sentencing hearing originally, was there a specific finding by the district judge that the financial hardship enhancement did not apply? The finding, Your Honor, is on page 65 of the appendix, where the court adopts the PSR, and I believe it is, and adopts the factual findings there, and I believe it is on paragraph 20 of the PSR that says, no victim impact enhancement applies. So, yes, we do believe that was a finding at the original sentencing, that the court could not revisit under the Supreme Court's case in Dillon, and under 1B1.10. It almost sounds, from what you're saying to us today, that the district judge should abide the silence of the defense counsel and the government in connection with anything beyond a 41-month sentence. But if there's anything we've learned from this sentencing revolution, starting with Apprendi and ending with Booker in 2007, the district judges have much, much more discretion today than they had prior to 2000. So why would we want to diminish that discretion of a district judge to say at the initial sentencing that there was a whole lot of things that came out by this victim impact statement, loss of money and lack of trust? What's wrong with that? I don't think, Your Honor, we want to diminish the discretion. I think we simply want notice, and that could be as simple as a docket entry directing the parties to address Mr. Harmon's eligibility under 4C1.1A6. And then at that point the court could make the gatekeeping eligibility determination and if it decided that Mr. Harmon was eligible, could then exercise its discretion. But that did not happen here. Well, you can see that it was still your obligation to show entitlement. So essentially what I seem to hear is, okay, if we all agree and the court shouldn't worry about what our obligations are, unless it doesn't agree with us. And then if it doesn't agree with us, it should tell us it doesn't agree with us, and then we'll brief what the court needs to be briefed. Yes. If the court isn't poised to make a new factual finding, and especially here that's in tension with a prior one, in the context of an uncontested motion, then it should put the parties on notice and have access to weigh in. So does that turn in your view on the fact that it's your position that here it contradicts the prior finding? I think our argument is stronger in this case precisely because of that. But I do think in any case where the court is going to make a new finding that's not already been made in the PSR previously that impacts the guidelines, then notice to the parties is required both by due process and the sentencing guidelines. If there isn't a conflict and there is information that is in the record and that was discussed at the sentencing, why in the world would the court have to put you on notice of something you're already on notice of? I acknowledge, Your Honor, that whether there is already notice in the record, it will be case and context specific. I simply am arguing that in this case there certainly was not. But I think this is an easy case because of the tension between the finding of no substantial hardship and the victim impact statement coming in only as an opportunity to be heard and then the new finding in the sentence reduction context. All right. Thank you, Counsel. We'll hear you on the rebuttal. Good morning, Your Honors. May it please the Court. Matt McHale on behalf of the United States. The court here did an abuse of discretion and didn't violate Mr. Harmon's due process rights. The information cited by the district court, as some of the questions have already suggested, was already in the record. And Mr. Harmon had multiple opportunities to address it, not just once but at least three times. First, at the original sentencing. I think one of the questions that's lurking here is why didn't the government suggest that this is a case where one should go beyond the sentencing guideline range because of the particular facts of this formerly very trusted employee? Your Honor, to be honest, I would just be speculating as to how that came about. I mean, if you look at the plea agreement here, it actually does state that there's a – it lays out a calculation for the sentencing guidelines and asks for a recommended – or it states something like total offense level will be 20, which would amount to a recommended guideline range of 33 to 41 months. That's in the plea agreement. And the government abided by that agreement at sentencing and advocated for a guidelines range. If the judge had taken into account the one sentencing enhancement that the judge realized he did not do and it was in effect 22 level instead of 20, what would the guideline range have been at that point? Your Honor, I don't know. I'd have to look at the table. Presumably a little bit higher. Yeah, more than 41. I'm just not sure what it is. Yeah. Do you agree with your friend on the other side that there is a conflict in the findings? I think it's her position that there was an actual finding at the sentencing stage of no financial – substantial financial hardship. And then in connection with the motion for a sentence reduction, there is a contrary finding. Do you agree with that? And if not, help us understand why that statement is incorrect. I do not, Your Honor, because I think what happened here is that the district court appropriately exercised a very conscientious and independent assessment of the grounds in 4C1.1 and 3553A for the sentence reduction. And I think if the paragraph A6 in that 4C1.1, it could be written differently. It could say, if defendant was subject to 2B1.1, then if defendant did not personally cause substantial financial hardship, perhaps eligible, assuming all other criteria are met. But it does not say that. It stands independently from 2B1.1. And I understand that there is a phrase that is the same, substantial financial hardship. But there is nothing that is a flat contradiction between the lack of a finding of 2B1.1 here and here, the district court's independent obligation to assess whether Mr. Harmon personally caused substantial financial hardship. And the rest of the guideline directs that in making that assessment, the district court can, and this court did consider commentary to 2B1.1, but it also said that among other things, the court can look to that commentary. So I don't think there can be a contradiction in what the court did here. And I would say that, you know, I believe, well, my friend on the other side denied that the guidelines themselves provided notice, and I would strongly disagree with that. I mean, I think the text of 4C1.1 itself states in black and white, what this defendant has to prove. And he did assert in general fashion. And I take, I understand the concern about not wanting to burden the court with if a motion is unopposed, but he asserted in his motion, I meet all these criteria. And the court was absolutely entitled to do what it did, which is to decide for itself, regardless of whether or not, regardless of whether the motion was opposed or unopposed, the court was absolutely entitled to march down that list and decide whether he met those criteria and then laid out in detail why in the court's view, Mr. Harmon did not. The information here was absolutely not new. And I don't think that there's any precedent cited by Mr. Harmon. There's certainly no precedent from this court that has to do with sentence reduction motions. All the precedent that is cited from other circuits strikes me as just readily distinguishable because in every case brand new information, it's brand new in, in foster and jewels. It was also not even disclosed to the parties at all. It also turned on like prison misconduct issues in those cases. And in one case, I think foster somewhat bizarrely, the district court's order explaining it, it's ruling on the motion turned out not to even be docketed until after the appellate argument in foster, which is very strange. But the other cases, similarly Townsend, those at least involved testimony from a co-descendant in another proceeding. I I've not seen a case that it's like this one, where not only was the document in the record, but it was the focus of as a direct appeal in this, in this case, which judge Ambrose was on the, was on the panel. So it was absolutely at the heart of the case. And I would also say that there's a dispute about, I mean, I think that here, this argument is a due process argument. So I, you know, government's vision is that there was obviously there was completely notice and opportunity. There's some discussion, even some conflation about, well, what, but we didn't have a reason to challenge. We didn't, we, we didn't, we didn't have a reason to bring it up, which I think is a little bit different from, well, did you have the opportunity to challenge it? Which I, I think Mr. Harmon did, but even if you sort of consider, well, did Mr. Harmon have a reason to address this information? He absolutely did because it was at least relevant. I mean, it's certainly very relevant to the 35, 53, eight factors. Now I, I, I think it was probably good lawyering to sort of, I mean, I think was sort of, as was sort of conceded here like to not get into the nitty gritty of this horrible ruin of a business. So I, I accept that as a litigation tactic and to sort of express remorse and all that, but a defendant certainly had the opportunity. And if he had wanted to dispute, well, no, I, I didn't gamble $3 million to the rivers casino. And here's why, you know, he could, he could make that argument in trying to address mitigating or aggregating factors under 35, 53 a. And I would note that judge Rock was on the panel of spire, the 2009 case, which noted that critically the defendant there has not said what he would, you know, what he would do to address this sort of quote unquote new information or the, whatever the dispute was in that case. And I think that applies here as well. I mean, we are now here. It is now four years after this victim impact statement was disclosed. Mr. Harmon, I believe he's in a halfway house in Pittsburgh at the moment. He's due for release and something like the end of November, according to the BOP website. And even after we raised in our opposition brief that, you know, this point that he has not said, what, what are you going to do with this opportunity that you asked for? He had not said, well, you know, here's what I would dispute. Now I, I, you know, I take the argument that the information is largely in the hands of the defendant. He could, you know, I think he could, he could do more potentially. He had that chance to do so. It's now been, it's been literally years since this statement has been disclosed. The notice here is per the guideline and for the statute, he had multiple opportunities to address the statement. It is not new. It's in the record. It's unlike any of the other new documents from other cases that have, that have sort of been cited as grounds for finding due process violations in sentence reduction motions. I also don't think that, I'm not sure what kind of rule Mr. Harmon would be advocating here, but I think it would be really essentially seriously unworkable for the district court. I mean, if I put myself in the, you know, the district court's shoes here, the judge would have to say, well, this, you know, this is not a new document, but well, maybe if I look back at the transcript, it was sort of discussed for a different purpose. So maybe I need to issue tentative findings and rulings and that starts getting into a territory that's more like original sentencing, which would you suggest be a good definition for what is a, what is new information? I would say at a minimum, a document that is not in the record. And that is not this case, but I could see, you know, that being a potential standard for potentially triggering some kind of notice and opportunity, but I would suggest that this case is not one where the court should or really even can given the facts reach out and, and, and, and state a rule like that. And so the, you know, and so the idea that this, on these facts, the district court was somehow to be, you know, given what it did to be, you know, to have this ruling vacated because it didn't sort of use certain magic words, um, I think would be an unworkable rule administratively. It would be a waste of judicial resources, especially when all the precedent from this court and the Supreme court and Dylan and more recently in shot of Mesa emphasizes time and time again, the, um, you know, this is not a do-over, this sentence reduction proceedings are not a do-over, not cloaked in statutory constitutional rights necessarily as much as the congressional act of lenity. Um, and it is meant to be a very limited, uh, it can be a very limited proceeding within, in the discretion of the district court. Um, and this court here exercised sound discretion. Um, Uh, lastly, I would just say that, you know, even if this court were to disagree or take some issue with the first step of this analysis, the court's decision here should absolutely be affirmed on the second step, which is the 35 53 a factors. Um, you know, I understand the argument on his side is that, well, I, there, there's a contention that the court did not determine the new sentencing range. I agree that in the, in the court's opinion, I don't think it reprinted the, the, the, the, the, the numbers 27 to 33, but I don't think there's any dispute that, that, I mean, that those, that was the new range as presented by the unopposed motion. It appears in the beginning of the opinion, but you could argue that where it appears it's reciting what the, what the defendants said, the new range. Yeah. But I think the district court is entitled to say, I mean, when it leads into its second step of the opinion and it says, even assuming Mr. Harmon is eligible, I think it's a fair, uh, you know, deference to that court to say like it knew what the new sentencing range would have been. And I would also point to, um, you know, the Supreme court case shop is made though, which sort of talks about, now, there it was actually ended up being within guidelines, but that talked about how, uh, verbose the district court has to be in explaining this decision. And it affirmed in that case, um, you know, there's a picture at the end of that opinion in the Supreme court reporter of the, of the form AO five 47 form, two 47 form that a court can use depending on the circumstances to deny emotion. And it, I mean, potentially the court can literally just check the box saying motion denied. And I don't, I think on that form, you wouldn't necessarily have the district court having to use sort of magic words, like writing in the exact sort of new term. So I think in the second part of the court's opinion at a minimum, it, it demonstrated a reasoned careful consideration of all the factors and the conduct here that really bothered it at original sentencing. And it needed, it did not need to blind itself to that, um, inciting this sentence reduction motion. Um, so unless the court has any further questions. Thank you. Thank you very much. We've asked the court to affirm. Your honors. I'd like to start by addressing the case law from other circuits. I acknowledge that those mostly deal with new information, but the reason for that is that it is very rare that a court makes a new finding that impacts the gatekeeping eligibility determination. How would you define new information? I, your honor, I would ask the court to adopt the rule that notice and opportunity to respond are required for either new information or a new finding. How would you define new information only? What is new information? New information is information that not is that was not previously in the record of the victim impact statement. No, your honor. I'm acknowledging that we don't have a new information situation here, but you would ask us for a different role, new information or a new finding. Yes, your honor. And I think that follows from the guidelines and especially all of the, um, very robust protections and the original sentence in context here, we're just asking for notice. Um, and also from due process because, um, the opportunity to challenge something depends on knowing what that is being used for. And here the victim impact statement was never being used to make any findings about the victim's financial circumstances. And in fact, um, that finding that there was no substantial financial hardship had already been made. And so, and I also would urge the court to look at the Muller and Townsend cases because from the fifth circuit I did in our brief, those recognize, um, I think that it, that it's not just the notice of information, but notice that the court is considering the information, which, um, which I think supports the rule that the individual has to have some idea. Um, especially when we're talking about the guidelines range, the benchmark, um, that, that sort of sets the starting place for the determination. If there's going to be a finding that impacts that range, the parties have to be on notice. And again, I think this is a very workable rule. It will rarely come up. This is the only, um, I worked on these cases in my office. This is the only case where an unopposed motion, um, was not granted and even rarer still based on an eligibility determination. It's hard to even find case law on that because that's sort of the gatekeeping determination and all we're not asking for tentative rulings. All we're asking is for a simple docket entry, please address eligibility, um, under, um, 4C1.186. And then we would come forward and meet our burden. Your friend on the other side says, all right, put all that aside. You have a secondary analysis that closes the door to this appeal. Um, I understand two big positions from you on that. One is there is not the requisite statement of the range and that there is the taint, if you will, of the victim impact material into that analysis. I don't see the taint. What am I missing? Where is that? Your Honor, I would point, um, appendix 13, the header for, um, for step two is the two level offense, the two level offense level reduction is unwarranted. But if we are in step two discretion, then the two level reduction is warranted. The individual is eligible. But the analysis also starts with even assuming this person is eligible. Yes, Your Honor. But we think that when in the context of the, uh, sentence reduction where the court where, um, you know, Dylan and 1B1.10 tell us that the eligibility determination is sort of a window into even exercising discretion. We think there is necessarily contamination here because of course the court cannot, um, exercise its discretion to do something that it lawfully does not even think it has the authority. Somewhat of a logical disconnect in what you just said that if the judge had taken into account and had applied the enhancement to level enhancement for substantial financial hardship, but did not, then if he had and had granted it, which sounds like he would have based on comments he made later on, you would have had a 22 level of goes down to 20. And that's what you really actually started with because he never applied the 20 to 22 enhancement to begin with. So it's almost like you add to, you subtract two, you don't apply to, you still stay at 20 no matter what. Your Honor. I think that even further shows the contamination, because if the court was thinking that way, then that was directly contrary to Dylan and 1B1.10, which says you must leave all prior sentencing determinations in place and can only substitute the amended guideline. But how do you say in this case where he never went to 22, but stayed at 20, the 20 should somehow have gone down to 18. Your Honor. If he found Mr. Harmon eligible for the sentence reduction, then that is the calculation that he would have to undertake under. But he found him not eligible. Correct, Your Honor. And so my argument is that that sort of colored the discretionary. So if this court agrees that we were entitled to notice and remand is the error tainted and there may be a different result on remand, I think that also flows from Molina-Martinez, Pew, the courts that say that. But what I'm saying is it would have been a higher sentence possibly, as opposed to a lower one. You weren't denied a lower one, he just never applied the enhancement to begin with, right? To go from 20 to 22, he could have, didn't. At the original sentence. Right. Correct, Your Honor. But now that we're in the context of a sentence reduction, he had to keep those prior decisions in place and only could have gone down. The only thing that 3582C2 allows is a sentence reduction. And so here, if Mr. Harmon was eligible. It sounds like what you're saying is because he did not or somehow omitted making a substantial financial hardship enhancement, he therefore was bound to say that there was no financial hardship at all and therefore should have found the person eligible under the 3582 sentence reduction in light of the amendment to the sentencing guidelines. I'm not quite saying that, Your Honor. I recognize that the 4C1.1 comment says that these are to be made independently. I do think, though, that that just reflects that the 4C1.1A6 criteria is narrower. It's the defendant cause, whereas the 2B1.1 is offense related. It can be, for example, if there's a conspiracy, co-conspiracy. I do think they're essentially co-extensive here. But even if the court could make an independent finding, we're not saying that he necessarily was wrong to find him ineligible. We are just saying that the district court needed to provide us notice, as simple as a docket entry, so that we could challenge that and make sure that this sentencing determination is based on reliable information where the sentencing commission has decided guidelines are inflated for individuals with zero criminal history. Going back to the second reasoning provided, if we disagree with your taint, we don't think there's taint there, why could we affirm based on the analysis? I think, Your Honor, if you consider the sort of taint separate from the – I think the line of cases that say harmless generally, typically guidelines errors are not harmless and remand is required. And the reason for that rule from Molina-Martinez to Pew to Hester in this court is that guidelines are the starting place and benchmark for every sentence. And, indeed, in this case, the district court said at the original sentencing, I am starting with the guidelines. I don't think they go far enough. And Martinez-Molina recognizes that if there is a new starting place, then there may well be a new result. But doesn't the opinion identify the new starting place in the first paragraph of the opinion? I don't think it does, Your Honor. The opinion identifies our argument but does not adopt that as the new starting place. So the court is not enough that the court says that the guideline ranges, you know, I think the new one would be 27 to 33 months. The court has to say, all right, now I agree with them. The court has followed that sentence and I agree. Your Honor, I think under Hester and other cases from this circuit, the court would have to, in the exceedingly rare circumstances where the guideline's error is harmless, the court would have to say here is the new guidelines and now I am varying upward to more than three years above the high end of the amended guidelines range to 72 months. We'd have to sort of do that same sort of three-step analysis as it would in the original case. And because it's the government's burden here, we don't think it has carried its burden to show harmlessness under those cases. All right. Thank you, counsel. Thank you, Your Honor. Thank you for your excellent arguments. We're going to take the matter under advisement.